**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

MICHAEL P. LOWRY, ESQ.
Nevada Bar No. 10666
E-mail: Michael.Lowry@wilsonelser.com
6689 Las Vegas Boulevard South, Suite 200
Las Vegas, NV 89119
Tel: 702.727.1400/Fax: 702.727.1401
Attorneys for LVGV, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Karlisse Alonzo, an individual, | Case No.: 2:22-cv-419 |
| Plaintiff, | |
| vs. | **LVGV, LLC's Removal Petition** |
| LVGV, LLC, doing business as M Resort and Casino; GLP Capital, LP; The Burks Companies, Inc.; Does 1 through 100; and Roe Corporation 101 through 200, inclusive, | |
| Defendant. | |

LVGV, LLC ("M") petitions to remove this case to the United States District Court for the District of Nevada from the Eighth Judicial District Court for the State of Nevada. This petition for removal is signed per Rule 11.

Removal is appropriate per 28 U.S.C. § 1441 because diversity jurisdiction is present per 28 U.S.C. 1332. Plaintiff alleges she is a resident of Nevada.[1] LVGV, LLC's sole member is Penn Tenant, LLC, whose sole member is Penn National Gaming, Inc. Penn National Gaming, Inc. is a Pennsylvania corporation with its principal place of business in Pennsylvania. Upon information and belief, The Burks Companies, Inc. is a Georgia entity with is principal place of business in Georgia. Although listed in the caption, GLP Capital, LP, was dismissed from the case.[2]

The amount in controversy is also satisfied. On February 24, 2022 Plaintiff filed a motion in state court to exempt her case from a program intended for cases where the amount in

---
[1] ECF No. 1-2 at ¶ 1.
[2] ECF No. 1-7.

267622173v.1

controversy is $50,000 or less. Plaintiff asserted exemption was warranted because Plaintiff has medical bills to date exceeding $24,576.59.[3] But that is not the limit of what Plaintiff seeks. After her computation of damages she wrote "plus recommended future injections.[4] Plaintiff did not include a cost projection, but noted elsewhere that Advanced Pain Specialists recommended "cervical injections."[5] She included no further detail as to the type of injections.

Defendants are aware from other cases that cervical injections can be costly. One surgery center charges $6,690 per transforaminal epidural steroid injection, often with multiple injections required.[6] The clinician then separately charges $4,125 per injection.[7] The combined cost is $10,815 per injection. Plaintiff here is recommended for at least two. Their combined cost could be $21,630.

Plaintiff's past medical specials to date total $24,576.59, her future medical care could cost at least $21,630, and she seeks at least $15,000 in general damages in her complaint. In prior cases in this district, the types of injuries and damages asserted here have indicated an amount in controversy exceeding $75,000. In *Doelamo v. Karl-Heinz* the defendant argued more than $75,000 was in dispute because plaintiff alleged "approximately $22,000 in past medical damages, and he argues that it is more likely than not that if Plaintiff is successful on his claims for lost wages, future medical damages for his 'permanent' condition(s), past and future pain and suffering, and attorney's fees, he will recover more than $75,000 total in the case."[8] This was sufficient to create subject matter jurisdiction.

> In the Court's experience, a personal injury claim including $22,000 in past medical bills will normally include a plea to a jury for several times this amount in future medical bills, particularly where one alleges a permanent condition related to the injury. The Court can conclude this without even considering pain and suffering, lost wages, or attorney's fees. Considering those measures of damages and fees, as well, it is nearly certain that Plaintiff in reality seeks more than $75,000. The Court has little doubt that Plaintiff will ask the jury to award him more than $75,000, whether in this Court or in state court.

---

[3] ECF No. 1-8 at 3.
[4] *Id*.
[5] *Id*. at 2.
[6] ECF No. 1-8 at 1.
[7] *Id*. at 2.
[8] No. 2:14-cv-339, 2014 U.S. Dist. LEXIS 72664 (D. Nev. May 27, 2014).

267622173v.1

In *Canonico v. Seals* the plaintiff conceded at least $50,000 was in dispute due to past and future medical treatment and property damage.[9]  "The remaining question is whether more than $25,000 is at stake in the form of pain and suffering, loss of earning capacity, loss of enjoyment of life, compensatory damages, attorney's fees, and costs. It almost certainly is."

In *Perreault v. Wal-Mart Stores, Inc.* the complaint sought an amount in excess of $10,000.00, as well as special damages, reasonable attorney's fees, costs, and other appropriate relief.[10]  The plaintiff provided an itemized list of her then-current medical costs, totaling $38,769.60 and noted that her medical bills were continuing to "trickle in."  The amount in controversy threshold was satisfied as "it appears likely that plaintiff's total requested damages exceed $75,000.00."

Based upon this, diversity jurisdiction is present and timely invoked.

DATED this 7th day of March, 2022.



BY: */s/ Michael Lowry*
MICHAEL P. LOWRY
Nevada Bar No. 10666
6689 Las Vegas Boulevard South, Suite 200
Las Vegas, NV 89119
Attorneys for LVGV, LLC

---

[9] No. 2:13-cv-316, 2013 U.S. Dist. LEXIS 60047 (D. Nev. Apr. 25, 2013).
[10] No. 2:16-cv-809, 2016 U.S. Dist. LEXIS 115591 (D. Nev. Aug. 29, 2016).

-3-

267622173v.1

## Certificate of Service

Pursuant to NRCP 5, on March 7, 2022, I served **LVGV, LLC's Removal Petition**:

☐ by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☒ via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk;

| BERNSTEIN & POISSON<br>320 S. Jones Blvd.<br>Las Vegas, NV 89107<br>Attorneys for Plaintiff | |

BY:   *Michael Lowry*

-4-

267622173v.1