Electronically Filed
2/15/2022 4:53 PM
Steven D. Grierson
CLERK OF THE COURT

**ACOM**
Scott L. Poisson, Esq.
Nevada Bar No. 10188
Amber N. King, Esq.
Nevada Bar No. 14070
**BERNSTEIN & POISSON**
320 S. Jones Blvd.
Las Vegas, Nevada 89107
Telephone: (702) 877-4878
Facsimile: (702) 256-6280
*Attorneys for Plaintiff*

# EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| KARLISSE ALONZO, an individual, | Case No.: A-22-846793-C |
| Plaintiff, | Dept. No.: 3 |
| v. | |
| LVGV, LLC, doing business as M RESORT AND CASINO; GLP CAPITAL, LP ; THE BURKS COMPANIES, INC.; DOES 1 through 100; and ROE CORPORATION 101 through 200, inclusive, | **AMENDED COMPLAINT** |
| Defendant(s). | |

COMES NOW, the Plaintiff, by and through her counsel of record, BERNSTEIN & POISSON, submits this complaint against Defendants for the foregoing causes of action, and alleges as follows:

**JURISDICTION**

1. Karlisse Alonzo, (hereinafter "Plaintiff") is individual residing in Clark County, Nevada.

2. LVGV, LLC, is a limited liability company, doing business in Clark County, Nevada as M Resort and Casino (hereinafter "M Resort").

3. GLP Capital, LP, is a limited liability company, doing business in Clark County, Nevada.

4. The Burks Companies, Inc., is a corporation, doing business in Clark County, Nevada.

5. DOE and ROE Defendants 1 through 200 are legal entities/residents of Clark County, Nevada, and authorized to do business by the State of Nevada. Furthermore, said Doe and Roe Defendants were employees, agents, or servants of Defendants in its control and functioned and assisted in the operation, control maintenance and/or management of the premise, in which plaintiff was injured, causing damages.

6. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 100 and ROE CORPORATIONS 101 through 200, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names; on information and belief, Plaintiff alleges that the Defendants, and each of them, designated herein as a DOE or ROE CORPORATION were responsible in some manner for the injuries sustained by the Plaintiff resulting from the below stated incident; and is liable for all damages due to Plaintiff as alleged herein. Plaintiff will ask leave of court to amend this Complaint to insert the true names and capacities when the same is ascertained and to join such Defendants in this action.

7. DOES 1 through 5 are entities responsible for maintaining the property known as M Resort, located at 12300 Las Vegas Blvd., Henderson, NV 89044. DOES 6 through 10 are entities or individuals who installed or maintained the flooring subject to this incident at the property known as M Resort, located at 12300 Las Vegas Blvd., Henderson, NV 89044. DOES 11 through 15 are the entities or individuals responsible for completing construction involved with the operation of and around the asphalt subject to this incident at the property known as M Resort, located at 12300 Las Vegas Blvd., Henderson, NV 89044. DOES 16 through 20 are entities or individuals responsible for the maintenance and inspection of the floors subject to this incident at the property at located at property known as M Resort, located at 12300 Las Vegas Blvd., Henderson, NV 89044. DOES 21 through 25 are manufacturers or designers of the floor and related materials required for the installation of the sidewalk which it subject to this complaint. Plaintiffs will ask leave of this court to insert the true names and capacities of such

Bernstein & Poisson
320 S. Jones Blvd.
Las Vegas, Nevada 89107
OFFICE: (702) 877-4878  FAX: (702) 256-6280

1  Defendants when the same have been ascertained. DOES 26 through 30 are contractors or
2  subcontractors hired to provide the subject device and/or install and maintain the subject floors.

## CLAIM FOR NEGLIGENCE

8. Defendants constructed and installed the grounds that are subject to this incident, property known as M Resort, located at 12300 Las Vegas Blvd., Henderson, NV 89044 (hereinafter "the Property").

9. On July 7, 2020, Karlisse Alonzo was legally on the premise owned and operated by Defendants.

10. While Ms. Alonzo was walking through the property she slipped and fell on a wet area of the floor.

11. It was reasonably foreseeable that a person would walk across this area of the floor.

12. Defendants were in charge of maintaining the common areas of the Property.

13. The area where Ms. Alonzo fell was in the common area.

14. Defendants had a duty to properly maintain the common area and provide an area that was safe for use.

15. Defendants breached their duty by failing to maintain and provide a safe floor area.

16. Defendants, and each of them, had a duty to supervise and maintain said premises in a reasonably safe and suitable condition for its patrons, guests and invitees; and further to take any and all reasonable precautions to avoid the presence of dangerous conditions on or around said premises.

17. Defendants had a duty to inspect and maintain the common area in a safe and reasonable manner to ensure safe use of the floor.

18. Defendants breached their duty by failing to maintain the floor and ensure its safe use and operation.

**Bernstein & Poisson**
320 S. Jones Blvd.
Las Vegas, Nevada 89107
OFFICE: (702) 877-4878 FAX: (702) 256-6280

19. Defendants and their employees knew or should have known about the dangerous condition, which caused the injuries to Plaintiff, yet continued to let this condition exist, causing an unreasonable threat to the safety of those on their property, including Plaintiff.

20. Defendants allowed the dangerous condition to exist for an extended period of time by negligently allowing the floor to be improperly maintained, cleaned, installed, and safe.

21. Defendants, and each of them, known and unknown, breached these duties, directly and proximately causing Plaintiff's injuries.

22. Defendants, despite having actual notice or constructive notice, upon a reasonable inspection of its premises, that a dangerous condition existed.  Defendants, failed to cure the same, enact proper safeguards, or warn of same to prevent serious bodily injury to Plaintiff, all in breach of its duty of due care herein.

23. Defendant's negligence was the actual and proximate cause of physical injury to Karlisse Alonzo.

24. Karlisse Alonzo incurred medical expenses, wage loss, loss of household services, pain and suffering, as a result of this incident.

25. This incident caused Plaintiff to suffer severe injuries and damages in an amount in excess of $15,000.00 subject to proof at trial, and Plaintiff will continue to suffer from her injuries in the future.

### DEMAND FOR JUDGMENT

**WHEREFORE**, the Plaintiff reserving her right individually or through her representatives, to amend his Complaint prior to, or at the time of trial of this action to insert those items of damage not yet fully ascertainable, pray for judgment against said Defendants, and each of them as follows:

1) For General and Special Damages in a sum in excess of $15,000.00;

2) For Attorneys' fees and costs of suit incurred herein;

3) For interest at the statutory rate; and

4) For such other and further relief as the Court may deem just and equitable in the matter.

DATED: February 15, 2022.

Respectfully submitted,

**BERNSTEIN & POISSON**

 */s/ Amber N. King*
SCOTT L. POISSON, ESQ.
State Bar No. 010188
AMBER N. KING, ESQ.
State Bar No.14070
320 S. Jones Blvd.
Las Vegas, Nevada 89107
(T) (702) 877-4878
(F) (702) 256-6280
Email: amber@vegashurt.com
*Attorneys for Plaintiff*